10452-126
BJV/ms

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| THAD F. BROCKETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: **3:22-cv-44** |
| ) | |
| THE COUNTY OF EFFINGHAM, ILLINOIS ) | |
| a body, politic and corporate, and JIM NIEMANN, ) | |
| ) | |
| Defendants. ) | |

## **NOTICE OF REMOVAL**

Defendants, THE COUNTY OF EFFINGHAM, ILLINOIS a body politic and corporate, and JIM NIEMANN, pursuant to 28 U.S.C. §1446, file this Notice of Removal to this Court, stating that:

### **I. INTRODUCTION**

1. Plaintiff Thad F. Brockett, filed his civil Complaint against the above-captioned Defendants in the Circuit Court of Effingham County, Illinois (Case no. 2015-L-52). The Defendants are an Illinois county and the chairman of that county's board. Plaintiff's Complaint originally contained only state-law causes of action, and Defendants secured summary judgment on these claims. Before summary judgment was entered, Plaintiff moved to add a First Amendment/Section 1983 claim to his Complaint. Over Defendant's objection, on December 20, 2021 Plaintiff was given leave to amend his Complaint to include his First Amendment theory, and this sole count remains pending in the state court. In his First Amendment count, Plaintiff alleges the Defendants violated Plaintiff's First Amendment rights by defunding his position with the Effingham County Sheriff's Office in alleged retaliation for Plaintiff's political support for a previous Effingham County Sheriff. Plaintiff's Complaint therefore presents a question of

1

federal law. 28 U.S.C. 1331; *Daza v. Indiana*, 941 F.3d 303, 308 (7th Cit. 2019) (discussing "political retaliation" claims). Defendants respectfully seek to remove Plaintiff's action to this Court. 28 U.S.C. §1441(a); *id.* §1446.

2. All Defendants who have been served in Plaintiff's state-law lawsuit (discussed in greater detail below) consent to this removal. (See affidavits, attached as Exhibit 1).

## II. DISCUSSION

### A. Procedural History (State Case)

3. On December 15, 2015, Plaintiff filed his State Case against Defendants Effingham County, Illinois; and Jim Niemann, the chairman of the Effingham County Board. The State Case was filed in the Fourth Judicial Circuit Court of Illinois, Effingham County, entitled *Thad Brockett v. Effingham County and Jim Niemann*, Case No. 2015-L-52. (Exhibit 3 – Original Complaint). On September 6, 2016, Defendants filed their initial Answer and Affirmative Defenses. (Exhibit 4).

4. From December 15, 2015 until December 22, 2021, the operative Complaint in the state lawsuit concerned only a state-law retaliatory discharge claim and a claim under the Illinois Whistleblower Act, 740 ILCS 174/15(a). There were also various respondents in discovery, who have all been dismissed. (Exhibit 2 – state docket, at 2/10/21 and 2/8/21 entries). During this six year window of time, one deposition was taken in association with a then-pending Motion to Dismiss and the parties have exchanged written discovery.

5. On March 25, 2021, the Defendants moved for summary judgment on Plaintiff's operative Complaint — which contained only state-law causes of action at the time. (Exhibit 2 – 3/25/21 entry); (Exhibit 5, Motion & Memo for Summary Judgment). Plaintiff did not file a Response.

6. On June 18, 2021, Plaintiff filed for leave to amend his Complaint to include a proposed "Count IV," which sought relief under Section 1983 and the First Amendment. (Exhibit 2, 6/18/21 entry); (Exhibit 6 – Motion for Leave).

7. On July 20, 2021, Plaintiff confessed the Defendants' Motion for Summary Judgment, and final judgment was awarded on Plaintiff's state-law claims. (Exhibit 2, 7/20/21 entry). The sole remaining issue was whether Plaintiff was to be given leave to include his federal theory/Count IV in his operative Complaint.

8. On December 20, 2021, the state court granted Plaintiff leave to include Plaintiff's federal theory/Count IV in the operative complaint. (Exhibit 2, 12/20/21 entry); (Exhibit 7 – Court Order granting leave).

9. On December 22, 2021, Plaintiff's Amended Complaint containing his federal theory/Count IV was filed. (Exhibit 8 — Operative Complaint).

**B.    Plaintiff's Complaint raises a federal constitutional claim**

10. On December 22, 2021, Plaintiff's operative Complaint for the first time presented a basis for removal to federal court. Plaintiff's pleading now presents a federal question and a federal question only, as summary judgment has already been awarded on Plaintiff's state-law claims. (Exhibit 2, 7/20/21 entry).

11. The only active count is the newly-added "Count IV," which was filed on December 22, 2021. (Exhibit 2). Count IV is labeled "Civil Rights Violation" and is brought "pursuant to the provisions of 42 U.S.C. §1983." *Id.* The civil right in question is the First Amendment, evidenced by Plaintiff's allegation that the Defendant's retaliated against Plaintiff for his "exercise of his constitutional right to freedom of speech[.]" *Id.* at ¶17.

3

12. More specifically, Plaintiff (a former employee of the Effingham County Sheriff's Office) alleges that the Defendant County and County Board Chairman de-funded Plaintiff's position at the Sheriff's Office due to the Plaintiff's political antagonism to the Chairman and due to Plaintiff's investigation/reporting of potential criminal misconduct by Plaintiff's subordinates. (Exhibit 8, ¶¶ 16–17). Thus, Plaintiff's claims are predicated on whether his public employment came to an end in retaliation for engaging in protected First Amendment speech. *See, e.g., Daza v. Indiana*, 941 F.3d 303, 308 (7th Cir. 2019) (articulating First Amendment retaliation standard); *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006) (articulating public-employee speech rules under the First Amendment).

13. Because there was no basis for removal until Plaintiff's First Amendment claim was added on December 22, 2021 and the instant Notice was filed within 30 days of such date, this Court has federal-question jurisdiction of the above-entitled action under 28 U.S.C. §1331 and removal to this Court is proper. *See* 28 U.S.C. §1441(a); 28 U.S.C. §1446(b)(3) (stating, in relevant part, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable").

14. Copies of all process, pleadings, summons, and orders served, purportedly served, or otherwise obtained by Counsel in the above-entitled action are filed herewith, in accordance with 28 U.S.C. §1446(a). (Exhibit 9).

15. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. 28 U.S.C. §1441(a).

### III.     CONCLUSION

WHEREFORE, Defendants pray that the above-entitled action be removed from the Circuit Court of the Fourth Judicial Circuit of the State of Illinois, Effingham County, to this Court.

                                      Respectfully submitted,

                                      THE COUNTY OF EFFINGHAM, ILLINOIS and
JIM NIEMANN, Defendants

BY: s/Keith E. Fruehling
Keith E. Fruehling, ARDC #: 6216098
Bryan J. Vayr, ARDC #6327729
HEYL, ROYSTER, VOELKER & ALLEN
Suite 505, 301 N. Neil Street
Champaign, IL 61820
Telephone  217.344.0060
Email:  kfruehling@heylroyster.com
Email:  bvayr@heylroyster.com

10452-126
BJV/ms

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| THAD F. BROCKETT, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    No.: |
| | ) |
| THE COUNTY OF EFFINGHAM, ILLINOIS | ) |
| a body, politic and corporate, and JIM NIEMANN, | ) |
| | ) |
|    Defendants. | ) |

**CERTIFICATE OF SERVICE**

YOU ARE HEREBY NOTIFIED that the Defendants, THE COUNTY OF EFFINGHAM, ILLINOIS, and JIM NIEMANM, filed in the United States District Court for the Southern District of Illinois, Benton Division, the foregoing Notice of Removal of the Complaint filed by the Plaintiff in the Circuit Court of the Fourth Judicial Circuit of Illinois, Effingham County, from the Circuit Court to the United States District Court for the Southern District of Illinois, Benton Division.

DATED: January 10, 2022

                            THE COUNTY OF EFFINGHAM, ILLINOIS, and
                            JIM NIEMANN, Defendants

                            BY: /s/ Keith E. Fruehling
                            Keith E. Fruehling
                            ARDC No.: 6216098
                            HEYL, ROYSTER, VOELKER & ALLEN
                            301 N. Neil St., Suite 505
                            Champaign, IL 61820
                            Telephone  217.344.0060
                            PRIMARY E-MAIL: urbecf@heylroyster.com
                            SECONDARY E-MAIL #1: kfruehling@heylroyster.com
                            SECONDARY E-MAIL #2: tparker@heylroyster.com