IN THE CIRCUIT COURT
FOR THE FOURTH JUDICIAL CIRCUIT
EFFINGHAM COUNTY, EFFINGHAM, ILLINOIS

**FILED**
DEC 15 2015

CLERK OF THE CIRCUIT COURT
FOURTH JUDICIAL CIRCUIT
EFFINGHAM COUNTY, ILLINOIS

Thad F. Brockett,

    Plaintiff,

vs.

The County of Effingham, Illinois, a body politic and corporate, and Jim Niemann,

    Defendants.

And

Rob Arnold, David Campbell, Mike Depoister, Lloyd Foster, Karen Luchtefeld, Doug McCain, Jeff Simpson, Joe Thoele, and David Mahon,

    Respondents In Discovery.

No. 15-L- 52

## COMPLAINT

### COUNT I
### (Wrongful Discharge)

Now comes the Plaintiff, Thad F. Brockett, by Michael J. Meyer, his attorney, and complaining of the Defendants, The County of Effingham and Jim Niemann, states:

1. That the Defendant, The County of Effingham, Illinois, is a body politic and corporate organized and existing by virtue of the laws of the State of Illinois.

EXHIBIT 3

2. That on December 16, 2014, and at all relevant times prior thereto, the Defendant, Jim Niemann, was Chairman of the Effingham County Board.

3. That from July 15, 1996 until December 16, 2014, the Plaintiff, Thad F. Brockett, was an employee of the Effingham County Sheriff's Department.

4. That on September 17, 2012, the Plaintiff was promoted by Sheriff John H. Monnet to the position of Operations Sergeant, which included duties of supervision and oversight of jail personnel, telecommunications personnel, and court security personnel.

5. That, as of September 17, 2012, qualified employees of the Effingham County Sheriff's Department, including the Plaintiff, were members of the Fraternal Order of Police, a labor union.

6. That upon taking office as Chairman of the County Board in 2012, Defendant, Jim Niemann, began a course of conduct designed to interfere with, control and manipulate the operations of the Effingham County Sheriff's Department over the objections of Sheriff Monnet; and that said course of conduct included public accusations of mismanagement and wrongdoing by the Sheriff in his operation of the Department.

7. That the Plaintiff supported the Sheriff in his disputes with Defendant Niemann, and that Defendant Niemann knew that Plaintiff supported the Sheriff's positions in the matters in dispute.

8. That during January of 2013, the Plaintiff commenced an investigation of two Effingham County correctional officers and discovered that said employees were consistently violating County Jail Standards, to-wit: 20 Ill. Adm. Code 701.130 promulgated by the Illinois Department of Corrections by authority of 730 ILCS 5/3-15-2, intended to promote inmate safety and security, by failing to conduct required periodic personal observation of inmates and by engaging in a scheme to falsify jail records to conceal their violations.

9. That the Plaintiff reported said misconduct to Sheriff Monnet, and that the Sheriff discharged said correctional officers on March 6, 2013.

10. That, consistent with the practice of Defendant Niemann to assert unwarranted power and authority over Sheriff Monnet and the Sheriff's Department, the two discharged correctional officers were subsequently reinstated due to the demands of the Defendants.

11. That during mid-2013, the Plaintiff conducted an investigation of the same two correctional officers and collected evidence that they had committed multiple violations of the Criminal Code by obtaining or attempting to obtain sexual favors from female inmates through a pattern of sexual harassment. Among the criminal statutes implicated by the conduct of the correctional officers were: Official Misconduct, 720 ILCS 5/33-3; and Custodial Sexual Misconduct, 720 ILCS 5/11-9.2.

3

12. That the Plaintiff reported his findings to Sheriff Monnet, to the Effingham County State's Attorney, and the Illinois State Police, but that the correctional officers were not disciplined or prosecuted due to influence asserted by the Defendants.

13. That during early 2014, Defendant Niemann commenced proceedings with the Illinois Labor Relations Board designed to have the Plaintiff removed from the union and thus deprive Plaintiff of union protection in his employment with the County of Effingham, so that the Defendants could discharge the Plaintiff without intervention by the union.

14. That Plaintiff was then wrongfully removed as a member of the union due to a failure of union representatives to properly protect his interests.

15. That Sheriff Monnet did not seek reelection in 2014, and that the newly elected Sheriff, David Mahon, took office on December 1, 2014.

16. That on December 16, 2014, acting on instructions from the Defendants, Sheriff Mahon discharged Plaintiff from the employ of the Sheriff's Department of Effingham County based upon the pretext that the County Board, in its budget for the fiscal year December 1, 2014 to November 30, 2015 had deleted funding for the position of Operations Sergeant.

4

17. That the Defendants caused the discharge of the Plaintiff as an employee of the County of Effingham in retaliation for:

(a) The Plaintiff's political support for Sheriff Monnet as to the issues relating to the vendetta of Defendant Niemann against Sheriff Monnet; and,

(b) The Plaintiff's investigation and reporting of wrongdoing, including violation of jail standards and criminal activity, by the two Effingham County correctional officers.

18. That as a direct and proximate result of the retaliatory discharge of Plaintiff by the Defendants, the Plaintiff has lost and will in the future lose income, has experienced and will in the future experience emotional distress, and has suffered damage to his reputation in the community.

WHEREFORE, Plaintiff, Thad F. Brockett, demands judgment against the Defendants, The County of Effingham and Jim Niemann, in the sum of Five Hundred Thousand Dollars ($500,000.00) and costs.

PLAINTIFF DEMANDS TRIAL BY JURY.

Thad F. Brockett, Plaintiff

By /s/ Michael J. Meyer
Michael J. Meyer
His attorney

## COUNT II
## (Whistleblower Act)

Now comes the Plaintiff, Thad F. Brockett, by Michael J. Meyer, his attorney, pursuant to the Illinois Whistleblower Act (740 ILCS 174/15(b)), and complaining of the Defendants, The County of Effingham and Jim Niemann, states:

1. That the Defendant, The County of Effingham, Illinois, is a body politic and corporate organized and existing by virtue of the laws of the State of Illinois.

2. That on December 16, 2014, and at all relevant times prior thereto, the Defendant, Jim Niemann, was Chairman of the Effingham County Board.

3. That from July 15, 1996 until December 16, 2014, the Plaintiff, Thad F. Brockett, was an employee of the Effingham County Sheriff's Department.

4. That on September 17, 2012, the Plaintiff was promoted by Sheriff John H. Monnet to the position of Operations Sergeant, which included duties of supervision and oversight of jail personnel, telecommunications personnel, and court security personnel.

5. That, as of September 17, 2012, qualified employees of the Effingham County Sheriff's Department, including the Plaintiff, were members of the Fraternal Order of Police, a labor union.

6

6. That upon taking office as Chairman of the County Board in 2012, Defendant, Jim Niemann, began a course of conduct designed to interfere with, control and manipulate the operations of the Effingham County Sheriff's Department, including the assignment of personnel within the Sheriff's Department.

7. That during January of 2013, the Plaintiff commenced an investigation of two Effingham County correctional officers and discovered that said employees were consistently violating County Jail Standards, to-wit: 20 Ill. Adm. Code 701.130 promulgated by the Illinois Department of Corrections by authority of 730 ILCS 5/3-15-2, intended to promote inmate safety and security, by failing to conduct required periodic personal observation of inmates and by engaging in a scheme to falsify jail records to conceal their violations.

8. That the Plaintiff reported said misconduct to Sheriff Monnet, and that the Sheriff discharged said correctional officers on March 6, 2013.

9. That, consistent with the practice of Defendant Niemann to assert unwarranted power and authority over Sheriff Monnet and the Sheriff's Department, the two discharged correctional officers were subsequently reinstated due to the demands of the Defendants.

10. That during mid-2013, the Plaintiff conducted an investigation of the same two correctional officers and collected evidence that they had committed multiple violations of the Criminal Code by

7

obtaining or attempting to obtain sexual favors from female inmates through a pattern of sexual harassment. Among the criminal statutes implicated by the conduct of the correctional officers were: Official Misconduct, 720 ILCS 5/33-3; and Custodial Sexual Misconduct, 720 ILCS 5/11-9.2.

11. That the Plaintiff reported his findings to Sheriff Monnet, to the Effingham County State's Attorney, and the Illinois State Police, but that the correctional officers were not disciplined or prosecuted due to influence asserted by the Defendants.

12. That during early 2014, Defendant Niemann commenced proceedings with the Illinois Labor Relations Board designed to have the Plaintiff removed from the union and thus deprive Plaintiff of union protection in his employment with The County of Effingham, so that the Defendants could discharge the Plaintiff without intervention by the union.

13. That Plaintiff was then wrongfully removed as a member of the union due to a failure of union representatives to properly protect his interests.

14. That Sheriff Monnet did not seek reelection in 2014, and that the newly elected Sheriff, David Mahon, took office on December 1, 2014.

15. That on December 16, 2014, acting on instructions from the Defendants, Sheriff Mahon discharged Plaintiff from the employ of the

Sheriff's Department of Effingham County based upon the pretext that the County Board, in its budget for the fiscal year December 1, 2014 to November 30, 2015 had deleted funding for the position of Operations Sergeant.

16. That the Defendants caused the discharge of the Plaintiff as an employee of the County of Effingham in retaliation for the Plaintiff's investigation and reporting of wrongdoing, including violation of jail standards and criminal activity, by the two Effingham County correctional officers.

17. That as a direct and proximate result of the retaliatory discharge of Plaintiff by the Defendants, the Plaintiff has lost and will in the future lose income, has experienced and will in the future experience emotional distress, and has suffered damage to his reputation in the community.

WHEREFORE, Plaintiff, Thad F. Brockett, demands reinstatement with the same seniority status he would have had but for the violation alleged herein, and demands judgment against the Defendants, The County of Effingham and Jim Niemann, in the sum of Five Hundred Thousand Dollars ($500,000.00) plus attorney fees, expenses, and costs.

PLAINTIFF DEMANDS TRIAL BY JURY.

Thad F. Brockett, Plaintiff

By /s/ Michael J. Meyer
Michael J. Meyer
His attorney

## COUNT III
## Respondents in Discovery)

Now comes the Plaintiff, Thad F. Brockett, by Michael J. Meyer, his attorney, and pursuant to the provisions of 735 ILCS 5/2-402 states that the following individuals are believed to have information essential to the determination of who should properly be named as additional defendants in this action, and are therefore designated as respondents in discovery:

1. Rob Arnold, member of Effingham County Board.
2. David Campbell, member of Effingham County Board.
3. Mike Depoister, member of Effingham County Board.
4. Lloyd Foster, member of Effingham County Board.
5. Karen Luchtefeld, member of Effingham County Board.
6. Doug McCain, member of Effingham County Board.
7. Jeff Simpson, member of Effingham County Board.
8. Joe Thoele, member of Effingham County Board.
9. David Mahon, Sheriff of Effingham County.

Thad F. Brockett, Plaintiff

By /s/ Michael J. Meyer
Michael J. Meyer
His attorney

## AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222(b)

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned, duly authorized attorney of record for the Plaintiff, states that the total of money damages sought herein exceeds $50,000.00.

Dated this 15th day of December, 2015.

/s/ Michael J. Meyer
---
Michael J. Meyer
Counsel for Plaintiff

Michael J. Meyer
Attorney at Law
404 S. Fourth Street
P.O. Box 129
Effingham, IL 62401
Telephone: (217) 347-0791