IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THAD F. BROCKETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-44-SMY |
| | ) |
| THE COUNTY OF EFFINGHAM, | ) |
| ILLINOIS, a body politic and corporate, | ) |
| and JIM NIEMANN, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Thad F. Brockett filed a one-count Complaint in state court against Defendants the County of Effingham, Illinois, and Jim Niemann ("Defendants") alleging First Amendment retaliation pursuant to 42 U.S.C. § 1983. Following removal, this case is now before the Court for consideration of Defendants' Motion to Dismiss (Doc. 7), to which Plaintiff responded (Doc. 15). For the following reasons, the Motion is **GRANTED**.

## Background

Plaintiff makes the following relevant allegations in the Complaint: Plaintiff worked for the Effingham County Sheriff's Department from July 15, 1996, until December 16, 2014. In September 2012, Plaintiff was promoted by Sheriff John H. Monnet to the position of Operations Sergeant. Defendant Jim Niemann took office as Chairman of the County Board in 2012 and began a course of conduct designed to interfere with, control, and manipulate the operations of the Sheriff's Department. Plaintiff supported the Sheriff in his disputes with Niemann and Niemann was aware of Plaintiff's support. In January 2013, Plaintiff lead an investigation into two

Effingham County correctional officers for violations of inmate safety and security procedures. Plaintiff reported the misconduct to the Sheriff, who discharged the correctional officers. The correctional officers were subsequently reinstated due to the demands of the Defendants. In mid-2013, Plaintiff conducted another investigation of the same two correctional officers for violations of inmate safety. Plaintiff reported his findings to the Sheriff, Effingham County State's Attorney, and the Illinois State Police, but the officers were not disciplined or prosecuted due to influence asserted by the Defendants.

In early 2014, Niemann commenced proceedings with the Illinois Labor Relations Board designed to have Plaintiff removed from the union and therefore deprive Plaintiff of union protection in his employment with the Sheriff's Department. Plaintiff was wrongfully removed as a member of the union due to a failure of union representatives to properly protect his interests. Sheriff Monnet did not seek reelection in 2014, and a new Sheriff, David Mahon, took office in December 2014. On December 16, 2014, acting on instructions from the Defendants, Sheriff Mahon discharged Plaintiff from the employ of the Sheriff's Department based on the pretext that the County Board had deleted funding for the position of Operations Sergeant. Plaintiff alleges that his termination was in retaliation for his exercise of his constitutional right of freedom of speech. Specifically, Plaintiff maintains that he was terminated for supporting Sheriff Monnet against Niemann and for investigating and reporting wrongdoing of the correctional officers.

## Discussion

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678.

To state a viable First Amendment retaliation claim, a public employee must sufficiently allege that (1) he made the speech as a private citizen, (2) the speech addressed a matter of public concern, and (3) his interest in expressing that speech was not outweighed by the state's interests as an employer in promoting effective and efficient public service. *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006). "When public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Kubiak v. City of Chicago*, 810 F.3d 476, 481 (7th Cir. 2016). The speech must relate to a community concern rather than "merely a personal grievance of interest only to the employee." *Id.*

Plaintiff alleges that he supported the Sheriff in his disputes with Niemann and Niemann was aware of Plaintiff's support. These allegations do not demonstrate speech protected by the First Amendment – they pertain to matters personal to Plaintiff.

Plaintiff also attempts to assert First Amendment protected speech by alleging that he reported misconduct of two correctional officers to the Sheriff, State's Attorney's Office, and the Illinois State Police. However, Plaintiff, as Operations Sergeant, was tasked with supervising and providing "oversite" for jail personnel. His investigation of two subordinates for potential criminal conduct and reporting his findings were done as part of his job duties and not as a private citizen. *See Tamayo v. Blagojevich,* 526 F.3d 1074, 1091 (7th Cir. 2008) (If the employee reports misconduct in the manner directed by official policy, to a supervisor, or to an external body with formal oversight responsibility, then the employee speaks pursuant to his official duties and his speech is unprotected). As such, Plaintiff has failed to allege a plausible protected speech.

**Conclusion**

For the foregoing reasons, Defendant's Motion is **GRANTED**. Plaintiff's Complaint is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

**DATED:  October 5, 2022**

**STACI M. YANDLE**
**United States District Judge**