IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THAD F. BROCKETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-44-SMY |
| | ) |
| THE COUNTY OF EFFINGHAM, | ) |
| ILLINOIS, a body politic and corporate, | ) |
| and JIM NIEMANN, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Thad F. Brockett filed a one-count Complaint in state court against Defendants the County of Effingham, Illinois, and Jim Niemann ("Defendants") alleging First Amendment retaliation pursuant to 42 U.S.C. § 1983. Following removal, the Court granted Defendants' motion to dismiss (Doc. 28), and Plaintiff was granted leave to file an Amended Complaint (Doc. 34). This case is now before the Court for consideration of Defendants' Motion to Dismiss the Amended Complaint (Doc. 39), to which Plaintiff responded (Doc. 46). For the following reasons, the Motion is **GRANTED**.

## Background

Plaintiff makes the following relevant allegations in the Amended Complaint: Plaintiff worked for the Effingham County Sheriff's Department from July 15, 1996, until December 16, 2014. In September 2012, Plaintiff was promoted by Sheriff John H. Monnet to the position of Operations Sergeant. As Operations Sergeant, Plaintiff's duties included supervision and oversight of jail personnel, telecommunications personnel, and court security personnel.

Defendant Jim Niemann took office as Chairman of the County Board in 2012 and began a course of conduct designed to interfere with, control, and manipulate the operations of the Sheriff's Department over the objections of Sheriff Monnet. Niemann made "public accusations of conversion of public property and mismanagement of public funds by the Sheriff in his operation of the Department." Plaintiff supported the Sheriff in his disputes with Niemann and Niemann was aware of Plaintiff's support. Plaintiff's support was a matter of public knowledge to the County Board, co-employees, and members of the public.

In January 2013, Plaintiff lead an investigation into two Effingham County correctional officers for violations of inmate safety and security procedures. Plaintiff reported the misconduct to the Sheriff, who discharged the correctional officers. The correctional officers were subsequently reinstated due to the demands of the Defendants. In mid-2013, Plaintiff conducted another investigation of the same two correctional officers for violations of inmate safety. Plaintiff reported his findings to the Sheriff, Effingham County State's Attorney, the Illinois State Police, the FBI, and to members of the public but the officers were not disciplined or prosecuted due to influence asserted by the Defendants.

In early 2014, Niemann commenced proceedings with the Illinois Labor Relations Board designed to have Plaintiff removed from the union and therefore deprive Plaintiff of union protection in his employment with the Sheriff's Department. Plaintiff was wrongfully removed as a member of the union. Sheriff Monnet did not seek reelection in 2014, and a new Sheriff, David Mahon, took office in December 2014. On December 16, 2014, acting on instructions from the Defendants, Sheriff Mahon discharged Plaintiff from the employ of the Sheriff's Department based on the pretext that the County Board had deleted funding for the position of Operations Sergeant. Plaintiff alleges that his termination was in retaliation for his exercise of his constitutional right of

freedom of speech. Specifically, Plaintiff alleges that he was terminated for supporting Sheriff Monnet against Niemann and for investigating and reporting wrongdoing of the correctional officers.

### Discussion

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678.

Generally, a governmental entity "cannot retaliate against its employees for engaging in constitutionally protected speech." *Hutchins v. Clarke,* 661 F.3d 947, 955 (7th Cir. 2011). For a First Amendment retaliation claim brought by a public employee, the employee must show: (1) that "his speech was constitutionally protected," (2) that "the protected speech was a but-for cause of the employer's action," and (3) that "he suffered a deprivation because of the employer's action." *Wackett v. City of Beaver Dam, Wis.,* 642 F.3d 578, 581 (7th Cir. 2011).

To determine whether a public employee's speech was constitutionally protected speech, a public employee must sufficiently allege that (1) he made the speech as a private citizen, (2) the speech addressed a matter of public concern, and (3) his interest in expressing that speech was not outweighed by the state's interests as an employer in promoting effective and efficient public service. *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006). "When public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer

discipline." *Kubiak v. City of Chicago*, 810 F.3d 476, 481 (7th Cir. 2016). The speech must relate to a community concern rather than "merely a personal grievance of interest only to the employee." *Id.*

Plaintiff alleges that he spoke out as a private citizen on matters of public concern when he supported the Sheriff against Nieman's accusations that the Sheriff was mismanaging public funds. He further argues that his act of publicly voicing his opinions about the disputes constitutes constitutionally protected speech. Plaintiff's support of the Sheriff does not demonstrate speech protected by the First Amendment – they pertain to matters personal to Plaintiff. Whether a public employee's statement addresses a matter of public concern "must be determined by the content, form, and context of a given statement." *Connick v. Myers*, 461 U.S. 138, 147–48 (1983). "If the speech concerns a subject of public interest, but the *expression* addresses only the personal effect upon the employee, then as a matter of law the speech is not of public concern." *Bivens v. Trent*, 591 F.3d 555, 561 (7th Cir. 2010). Here, Plaintiff voicing his opinions in support of the Sheriff do not raise a matter of public concern and is not protected by the First Amendment.

Plaintiff also attempts to assert First Amendment protected speech by alleging that he reported misconduct of two correctional officers to the Sheriff, State's Attorney's Office, the Illinois State Police, the FBI, and others. However, Plaintiff, as Operations Sergeant, was tasked with supervising and providing "oversite" for jail personnel. His investigation of two subordinates for potential criminal conduct and reporting his findings were done as part of his job duties and not as a private citizen. *See Tamayo v. Blagojevich,* 526 F.3d 1074, 1091 (7th Cir. 2008) (If the employee reports misconduct in the manner directed by official policy to a supervisor, or to an external body with formal oversight responsibility, then the employee speaks pursuant to his

official duties and his speech is unprotected).  As such, Plaintiff has failed to allege a plausible protected speech.

### Conclusion

For the foregoing reasons, Defendants' Motion is **GRANTED**.  Based upon the pleadings and Plaintiff's asserted legal theories, the Court finds that further amendments would be futile.  Accordingly, Plaintiff's Amended Complaint is **DISMISSED with prejudice**. *See Vargas-Harrison v. Racine Unified Sch. Dist*., 272 F.3d 964, 974 (7th Cir. 2001).

**IT IS SO ORDERED.**

**DATED: June 13, 2023**

                                                 **STACI M. YANDLE**
                                                 **United States District Judge**